IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ROBERT HARLEY McCRAY
TDCJ-CID NO: 00422744
H.H.COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884

PLAINTIFF PRO SE

VS.                                    CASE NUMBER: ___6:16CV1157 RWS/JDL___

                                       JURY TRIAL DEMANDED

BRAD LIVINGSTON
EXECUTIVE DIRECTOR OF THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE (TDCJ)
RETIRED; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
ADDRESS UNKNOWN;

BRYAN COLLIER
EXECUTIVE DIRECTOR OF TDCJ (JULY 2016);
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
P.O. BOX 99
HUNTSVILLE, TEXAS, 77342-0099;

JOHN OR JANE DOE
DEPUTY EXECUTIVE DIRECTOR OF TDCJ;
IN HIS /HER OFFICIAL AND INDIVIDUAL
CAPACITY;
P.O. BOX 99
HUNTSVILLE, TEXAS, 77342-0099;

WILLIAM STEPHENS
DIRECTOR,TDCJ-CID,(CORRECTIONAL INSTITUTIONAL
DIVISION)-RETIRED;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
(ADDRESS UNKNOWN);

LEONARD ESCHESSA
DIRECTOR, TDCJ-CID;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
P.O. BOX 99
HUNTSVILLE, TEXAS, 77342-0099;

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

KELVIN SCOTT,
REGIONAL DIRECTOR,REGION II,TDCJ;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
#2 BACKGATE ROAD
TENNESSEE COLONY,TEXAS, 75803;

CARL McKELLAR,
ASSISTANT REGIONAL DIRECTOR,REGION II,
TDCJ;IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY;
#2 BACKGATE ROAD
TENNESSEE COLONY, TEXAS, 75803;

BUD HOWARD,
ASSISTANT REGIONAL DIRECTOR,REGION II,
TDCJ; IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY;
#2 BACKGATE ROAD
TENNESSEE COLONY, TEXAS, 75803;

LORI PARKER,
INVESTIGATOR,(GRIEVANCES),REGION II,
TDCJ; IN HER OFFICIAL AND INDIVIDUAL
CAPACITY;
#2 BACKGATE ROAD
TENNESSEE COLONY, TEXAS, 75803;

JOHN A.RUPERT,
WARDEN II,TDCJ;H.H.COFFIELD UNIT,(RETIRED);
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
(ADDRESS UNKNOWN)

JEFFREY W.CATOE,
WARDEN II,TDCJ;H.H.COFFIELD UNIT;
IN HIS OFFICIAL AND INDIVIDUL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

BRIAN P.COOPER,
ASSISTANT WARDEN,TDCJ;H.H.COFFIELD UNIT;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JEFFERY S.RICHARDSON,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

ASSISTANT WARDEN,TDCJ,H.H.COFFIELD UNIT;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

GIDGETT A McKNIGHT,
SAFETY OFFICER I,TDCJ,H.H.COFFIELD UNIT;
IN HER OFFICIAL AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

GUILLERMO M. DELAROSA,
MAJOR OF CORRECTIONAL OFFICERS,TDCJ,
H.H.COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

VERNON B.MITCHELL,JR.,
MAJOR OF CORRECTIONAL OFFICERS,TDCJ,
H.H.COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

WILLIAM J.WHEAT,
MAJOR OF CORRECTIONAL OFFICERS,TDCJ,
H.H.COFFIELD UNIT; IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JOHN DOE(S),
DEPARTMENT HEAD(S),TDCJ,H.H.COFFIELD UNIT;
IN HIS OR THEIR OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JANE DOE(S),
DEPARTMENT HEAD(S),TDCJ,H.H.COFFIELD UNIT;
IN HER OR THEIR OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

JOSEPH T.EMBRA,
LIEUTENANT OF CORRECTIONAL OFFICERS,
TDCJ,H.H.COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

ROBERT SCOTT,
SARGEANT OF CORRECTIONAL OFFICERS,
TDCJ,H.H.COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

DENNIS E.HUNT,
SARGEANT OF CORRECTIONAL OFFICERS,
TDCJ,H.H.COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

MARK E.HOUSE,
CORRECTIONAL OFFICER IV,TDCJ,
H.H.COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

SHEILA H.BOYD,
CORRECTIONAL OFFICER V,TDCJ,
H.H.COFFIELD UNIT, A.D.-10.20
REPRESENTATIVE; IN HER OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

DANIEL C.WHITE,
INVESTIGATOR II,(GRIEVANCES),TDCJ,
H.H.COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JOHN DOE(S), JANE DOE(S),
H.H.COFFIELD EMPLOYEES, TDCJ;
IN HIS OR THEIR OFFICIAL AND INDIVIDUAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

DAVID A.GIVENS,
PROGRAM SUPERVISOR IV,FACILITIES-
(MAINTENANCE); H.H.COFFIELD UNIT;
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JIMMY D.CADDELL,
MAINTENANCE SUPERVISOR IV;H.H.COFFIELD;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

BRENT Z.CAPLEY,
MAINTENANCE SUPERVISOR IV;H.H.COFFIELD;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JAMES W.CHATTERLY,
MAINTENANCE SUPERVISOR II;H.H.COFFIELD;
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

TERRY L.HARGRAVE,
MAINTENANCE SUPERVISOR IV;H.H.COFFIELD
UNIT; IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

MICHAEL W.HARRIS,
MAINTENANCE SUPERVISOR IV; H.H.COFFIELD
UNIT; IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

CURTIS D.LOGAN,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

JAMES M.MARRINAN,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

BOBBY H.MERCER,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

ANTHONY W.MOORE,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

ANTHONY K.ODEN,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

TOMMY E.PHARIS,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

KERRY A.ROGERS,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

WAYNE J.SCHENK,
MAINTENANCE SUPERVISOR IV; H.H.
COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

SARAH POINDEXTER,
HEALTH SERVICES INVESTIGATOR;
UTMB/TDCJ; IN HER OFFICIAL AND
INDIVIDUAL CAPACITY;
P.O.BOX 99
HUNTSVILLE, TEXAS, 77342-0099;

MARJORIE KOVACEVICH,
HEALTH SERVICES DIRECTOR;
UNIVERSITY OF TEXAS MEDICAL BRANCH-
(UTMB)-HOSPITAL-GALVESTON; IN HER
OFFICIAL AND INDIVIDUAL CAPACITY;
P.O.BOX 48,SUBSTATION #1
GALVESTON, TEXAS, 77555;

FNU CARIA,*
RADIOLOGIST;UTMB/TDCJ; H.H.
COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

*(FIRST NAME UNKNOWN)

JACINTO ASSAVA,
NURSE PROVIDER/PRACTITIONER;
UTMB/TDCJ; H.H.COFFIELD UNIT;
IN HER OFFICIAL AND INDIVIDUAL
CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

THOMAS MACIEL,
REGISTERED NURSE;UTMB/TDCJ; H.H.
COFFIELD UNIT; IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY, TEXAS, 75884;

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(DEFENDANT LIST CONTINUED)

MARY LANE,
REGISTERED NURSE;UTMB/TDCJ;
H.H.COFFIELD UNIT;IN HER OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY,TEXAS, 75884;

WANDA OLIVER,
CCA (CLINICAL ASSISTANT);UTMB/TDCJ;
H.H.COFFIELD UNIT; IN HER OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY,TEXAS, 75884;

PAUL SHRODE,
MEDICAL DOCTOR;UTMB/TDCJ;H.H.
COFFIELD UNIT; IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY,TEXAS, 75884;

PAM PACE,
PRACTICE MANAGER;UTMB/TDCJ;H.H.
COFFIELD UNIT; IN HER OFFICIAL
AND INDIVIDUAL CAPACITY;
2661 FM 2054
TENNESSEE COLONY,TEXAS, 75884;

DEBORAH KENDALL,
MEDICAL DOCTOR;UTMB/TDCJ;BRACE & LIMBS;
GEORGE BETO UNIT; IN HER OFFICIAL AND
INDIVIDUAL CAPACITY;
P.O.BOX 128
TENNESSEE COLONY,TEXAS, 75880;

JOHN OR JANE DOE,
PHYSICAL THERAPIST;UTMB/TDCJ;
BRACE & LIMBS; GEORGE BETO UNIT;
IN HIS/HER OFFICIAL AND
INDIVIDUAL CAPACITY;
P.O.BOX 128
TENNESSEE COLONY,TEXAS, 75880;

DEFENDANTS.

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

Plaintiff would respectfully urge the Court to take note that the H.H.Coffield Employee Roster contains over 750 employees. This does not include the complete list of UTMB personnel who are assigned or visit H.H.coffield Unit regularly to conduct their business. The Executive Directive and the Administrative Directive concerning the TDCJ Safety Policy, states very clearly that ALL EMPLOYEES SHALL identify deficiencies and safety hazards. This is a ministerial duty and via ommission, ALL EMPLOYEES of the H.H.Coffield Unit are liable for their deliberate indifference to Plaintiff's health and safety. Plaintiff has no knowledge which employees actually enter the prisoner living quarters. This is best left to Discovery and Plaintiff would put the Court on notice at this time that many more Defendants could be named. See attached Exhibits. Appendix _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION


COMPLAINT FOR MONEY DAMAGES AND INJUNCTION


## I. JURISDICTION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12133. This court has jurisdiction under 28 U.S.C. §§ 1331 & 1343. Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.


## II. VENUE

The U.S.District Court For the Eastern District of Texas, Tyler Division, is an appropriate venue under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Anderson County, Tennessee Colony, Texas is included in this district.


## III. PARTIES

Plaintiff Robert Harley McCray was at all times relevant to this action a prisoner incarcerated in the Texas Department of Criminal Justice, herein after TDCJ, at the H.H.Coffield Unit located in Tennessee Colony, Texas.

Defendant Brad Livingston was at all times relevant to this action the Executive Director of the TDCJ and was acting under the color of federal and state law. By statute the executive director is responsible for ensuring the safety and well-being

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

of prisoners under his supervision. Texas Government Code §
493.006(b). The Executive Director promulgated this statute by
creating the TDCJ Safety Policy, Executive Directive,E.D.-10.61
(rev 7)June 21,2013 and such policy is adopted and further ex-
pounded by American Correctional Association (ACA) Standards:
4-4211, 4-4212, and 4-4218. He is sued in his individual and
official capacities.

Defendant Bryan Collier was at all times relevant to this
action the Deputy Executive Director, recently elevated to the
office of Executive Director of the TDCJ and was acting under
the color of federal and state law. By statute he is responsible
for ensuring the safety and well-being of prisoners under his
supervision. Texas Government Code § 493.006(b). The Deputy
Director has a duty to ensure the policies of the Executive
Directors office are carried out. He is sued in his individual
and official capacities.

Defendant John or Jane Doe was at all times relevant to this
action, is the current Deputy Executive Director of the TDCJ and
was acting under the color of federal and state law. The Deputy
Executive Director, by statute, is responsible for ensuring the
safety and well-being of prisoners under his supervision. Texas
Government Code § 493.006(b). The Deputy Executive Director has
a duty to ensure the policies of the Directors office are carried
out. He or she is sued in his/her individual and official capa-

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

cities.

Defendant William Stephens was at all times relevant to this action the Director of the TDCJ-Correctional Instututional Division, retired, was acting under color of federal and state law. By statute he is responsible for ensuring the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);Administrative Directive,A.D.-10.20(rev 8)June 8,2013;A.C.A. Standards:4-4186,4-4211,4-4212,4-4218 & 4-4333. He is sued in his individual and official capacities.

Defendant Leonard Eschessa was at all times relevant to this action an employee and recently elevated to the office of Director of the TDCJ-CID and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:4-4186,4-4211, 4-4212,4-4218, & 4-4333. He is sued in his individual and official capacities.

Defendant Kelvin Scott was at all times relevant to this action the Regional Director, Region II, of the TDCJ and was acting under color of federal and state law. By statute he is respon-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

sible for the safety and well-being of prisoners under his super-
vision. Texas Government Code §§493.001 & 493.006(b). By policy
he is required to ensure the TDCJ facilities are maintained in
proper operating order and safe repair.E.D.-10.61(rev7);A.D.-
10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218 and
4-4333. He is sued in his individual and official capacities.

Defendant Carl McKellar was at all times relevant to this
action an Assistant Regional Director,Region II, of the TDCJ,
and was acting under color of federal and state law. By statute
he is responsible for the safety and well-being of prisoners
under his supervision. Texas Government Code §§ 493.001 & 493.006
(b). By policy he is required to ensure the TDCJ facilities are
maintained in proper operating order and safe repair. E.D.-10.61
(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212,
4-4218,and 4-4333. He is sued in his individual and official
capacities.

Defendant Bud Howard was at all times relevant to this action
an Assistant Regional Director, Region II, of the TDCJ, and was
acting under color of federal and state law. By statute he is
responsible for the safety and well-being of prisoners under his
supervision. Texas Government Code §§ 493.001 & 493.006(b); By
policy he is required to ensure the TDCJ facilities are maintain-
ed in proper operating order and safe repair.E.D.-10.61(rev7);
A.D.-10.20

-13-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

(rev8); A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333.
He is sued in his individual and official capacities.

Defendant Lori Parker was at all times relevant to this action the step-2 grievance Investigator, Region II, of the TDCJ and was acting under color of federal and state law. The nature of her task as a grievance investigator is to ensure that policies are being properly observed. She has a duty to report unsafe conditions, hazards, or acts. E.D.-10.61(rev7);A.C.A. Standards: 4-4211,4-4212,4-4218. She is being sued in her individual and official capacities.

Defendant John A.Rupert was at all times relevant to this action Warden II of the H.H.Coffield Unit of the TDCJ,retired, and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211, 4-4212,4-4218, and 4-4333. He is sued in his individual and official capacities.

Defendant Jeffrey W.Catoe was at all times relevant to this action an employee, former Assistant Warden, recently promoted Warden II of the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsi-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

ble for the safety and well-being of prisoners under his super-
vision. Texas Government Code §§ 493.001 & 493.006(b). By policy
he is required to ensure the TDCJ facilities are maintained in
proper operating order and safe repair. E.D.-10.61(rev7);A.D.-
10.20(rev8); A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218 and
4-4333. He is being sued in his individual and official capa-
cities.

     Defendant Brian P.Cooper was at all times relevant to this
action the Assistant Warden of the H.H.Coffield Unit of the TDCJ
and was acting under color of federal and state law. By statute
he is responsible for the safety and well-being of prisoners under
his supervision. Texas Government Code §§ 493.001 & 493.006(b).
By policy he is required to ensure the TDCJ facilities are main-
tained in proper operating order and safe repair. E.D.-10.61(rev7);
A.D.-10.20(rev8); A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218,
and 4-4333. He is sued in his individual and official capacities.

     Defendant Jeffery S.Richardson was at all times relevant to
this action the Assitant Warden of the H.H.Coffield Unit of the
TDCJ and was acting under color of federal and state law. By
statute he is responsible for the safety and well-being of prison-
ers under his supervision. Texas Government Code §§ 493.001 &
493.006(b). By policy he is required to ensure the TDCJ facili-
ties are maintained in proper operating order and safe repair.
E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,

-15-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICTOF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

4-4212,4-4218, and 4-4333. He is sued in his individual and of-
ficial capacities.

Defendant Gidgett A.McKnight was at all times relevant to
this action employed as the Safety Officer I, of the H.H.Coffield
Unit of the TDCJ and was acting under color of federal and state
law. By policy she is responsible for the development, implement-
ation, and monitoring of the TDCJ Risk Management Program. She
has a duty to ensure a safe environment for all employees and
offenders. E.D.-10.61(rev7);A.C.A. Standards: 4-4211,4-4212, and
4-4218. She is sued in her individual and official capacities.

Defendant Guillermo M.Delarosa was at all times relevant to
this action employed as the Major of Correctional Officers at
the H.H.Coffield Unit of the TDCJ and was acting under color of
federal and state law. By statute he is responsible for the
safety and well-being of prisoners under his supervision. Texas
Government Code §§ 493.001 & 493.006(b). By policy he is required
to ensure the TDCJ facilities are maintained in proper operating
order and safe repair. E.D.10.61(rev7);A.D.-10.20(rev8);A.C.A.
Standards: 4-4186, 4-4211,4-4212,4-4218, and 4-4333. He is sued
in his individual and official capacities.

Defendant Vernon B.Mitchell,Jr., was at all times relevant
to this action employed as a Major of Correctional Officers at
the H.H.Coffield Unit of the TDCJ and was acting under color of
federal and state law. By statute he is responsible for the

-16-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

safety and well-being of prisoners under his supervision. Texas
Government Code §§ 493.001 & 493.006(b). By policy he is required
to ensure the TDCJ facilities are maintained in proper operating
order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A.
Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333. He is sued
in his individual and official capacities.

Defendant William J.Wheat was at all times relevant to this
action an employee and recently appointed a Major of Correctional
Officers at the H.H.Coffield Unit of the TDCJ and was actin under
color of federal and state law. By statute he is responsible for
the safety and well-being of prisoners under his supervision.
Texas Government Code §§ 493.001 & 493.006(b). By policy he is
required to ensure the TDCJ facilities are maintained in proper
operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);
A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333. He is
sued in his individual and official capacities.

Defendant(s) John & Jane Doe(s) was/were at all times rele-
vant to this action employee(s),designated as "Department Heads",
and as yet undetermined, but which may include Sargeants, Lieute-
nants, & Captains at the H.H.Coffield Unit of the TDCJ and was
acting under color of federal and state law. By statute they are
responsible for the safety and well-being of prisoners under
their supervision. Texas Government Code §§ 493.001 & 493.006(b).

-17-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

By policy they are required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61 (rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212, 4-4218, and 4-4333. They are sued in their individual and official capacities.

Defendant Joseph T.Embra was at all times relevant to this action employed as a Lieutenant of Correctional Officers at the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333. Defendant Embra has a further duty to ensure that plaintiff is not unnecessarily subjected to cruel and unusual punishment or infliction of physical pain, emotional distress, and permanent injuries. U.S.C.A. Const. 8 & 14. He is sued in his individual and official capacities.

Defendant Robert Scott was at all times relvant to this action employed as a Sargeant of Correctional Officers at the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas

-18-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8); A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333. Defendant Scott is further obligated to ensure that Plaintiff is not subjected to cruel and unusual punishment or the infliction of physical pain, emotional distress, and permanent injuries by failing to act when Plaintiff reported his obvious medical need. U.S.C.A. Const. 8 & 14. He is sued in his individual and official capacities.

Defendant Dennis E.Hunt was at all times relevant to this action employed as a Sargeant of Correctional Officers at the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333. Defendant Hunt is further obligated to ensure that Plaintiff is not unnecessarily subjected to cruel and unusual punishment or the infliction of physical pain, emotional distress, and permanent injuries by failing to act when Plaintiff reported his obvious medical need. U.S.C.A. Const. 8 & 14. He is sued in his individual and official

-19-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

capacities.

Defendant Mark E.House was at all times relevant to this action employed as a Correctional Officer IV, at the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186, 4-4211,4-4212,4-4218, and 4-4333. Defendant House has a further obligation to ensure that Plaintiff is not unnecessarily subjected to cruel and unusual punishment or the infliction of physical pain, emotional distress, and permanent injuries by failing to act when Plaintiff reported his obvious medical need. U.S.C.A. Const. 8 & 14. He is sued in his individual and official capacities.

Defendant Sheila H.Boyd was at all times relevant to this action employed as a Correctional Officer V, and also designated as the "A.D.-10.20 Representative" at the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute she is responsible for the safety and well-being of prisoners under her supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy she is required to ensure the TDCJ facilities are maintained in proper operating order and safe

-20-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218, and 4-4333. She is sued in her
individual and official capacities.

Defendant Daniel C.White was at all times relevant to this
action employed as grievance Investigator II, at the H.H.Coffield
Unit of the TDCJ and was acting under color of federal and state
law. By statute he is responsible for the safety and well-being
of prisoners under his supervision. Texas Government Code §§
493.001 & 493.006(b). By policy he is required to ensure the TDCJ
facilities are maintained in proper operating order and safe re-
pair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:4-4186,
4-4211,4-4212,4-4218,and 4-4333. As a grievance investigator he
is further obligated to "investigate" reported safety hazards
and report his findings. He is sued in his individual and of-
ficial capacities.

Defendant(s) John & Jane Doe(s) was/were at all times rele-
vant to this action employees at the H.H.Coffield Unit of the
TDCJ and was/were acting under color of federal and state law.
All employees do not enter the the immediate areas where prison-
ers are housed and Plaintiff is uncertain which employees do,
and which employees don't. By statute they are responsible for
the safety and well-being of prisoners under their supervision.
Texas Government Code §§ 493.001 & 493.006(b). By policy they
are required to ensure the TDCJ facilities are maintained in

-21-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

proper operating order and safe repair. E.D.-10.61(rev7);A.D.-
10.20(rev8);A.C.A. Standards:4-4186,4-4211,4-4212,4-4218,and
4-4333. They are sued in their individual and official capacities.

Defendant David A.Givens was at all times relevant to this
action employed as maintenance Program Supervisor IV-Facilities,
at the H.H.Coffield Unit of the TDCJ and was acting under color
of federal and state law. By statute he is responsible for the
safety and well-being of prisoners under his supervision.Texas
Government Code §§ 493.001 & 493.006(b). By policy he is required
to ensure the TDCJ facilities are maintained in proper operating
order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A.
Standards: 4-4186,4-4211,4-4212,4-4218, and 4-4333. He is sued
in his individual and official capacities.

Defendant Jimmy D.Caddell was at all times relevant to this
action employed as Maintenance Supervisor IV, at the H.H.Coffield
Unit of the TDCJ and was acting under color of federal and state
law. By statute he is responsible for the safety and well-being
of prisoners under his supervision. Texas Government Code §§
493.001 & 493.006(b). By policy he is required to ensure the
TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indi-
vidual and official capacities.

Defendant Brent Z.Capley was at all times relevant to this

-22-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

action employed as Maintenance Supervisor IV, at the H.H.Coffield

Unit of the TDCJ and was acting under color of federal and state

law. By statute he is responsible for the safety and well-being

of prisoners under his supervision. Texas Government Code §§

493.001 & 493.006(b). By policy he is required to ensure the

TDCJ facilities are maintained in proper operating order and

safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:

4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indi-

vidual and official capacities.

Defendant James W.Chatterly was at all times relevant to

this action employed as Maintenance Supervisor II, at the H.H.

Coffield Unit of the TDCJ and was acting under color of federal

and state law. By statute he is responsible for the safety and

well-being of prisoners under his supervision. Texas Government

Code §§ 493.001 & 493.006(b). By policy he is required to ensure

the TDCJ facilities are maintained in proper operating order

and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Stan-

dards: 4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his

individual and official capacities.

Defendant Terry L.Hargrave was at all times relevant to

this action employed as Maintenance Supervisor IV, at the H.H.

Coffield Unit of the TDCJ and was acting under color of federal

and state law. By statute he is responsible for the safety and

well-being of prisoners under his supervision. Texas Government

-23-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

### (PARTIES CONTINUED)

Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indivi-
dual and official capacities.

Defendant Michael W.Harris was at all times relevant to
this action employed as Maintenance Supervisor IV, at the H.H.
Coffield Unit of the TDCJ and was acting under color of federal
and state law. By statute he is responsible for the safety and
well-being of prisoners under his supervision. Texas Government
Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indivi-
dual and official capacities.

Defendant Curtis D.Logan was at all times relevant to this
action employed as Maintenance Supervisor IV, at the H.H.Cof-
field Unit of the TDCJ and was acting under color of federal
and state law. By statute he is responsible for the safety and
well-being of prisoners under his supervision. Texas Government
Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his in-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

dividual and official capacities.

Defendant James M.Marrinan was at all times relevant to this action employed as Maintenance Supervisor IV, at the H.H. Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his individual and official capacities.

Defendant Bobby H.Mercer was at all times relevant to this action employed as Maintenance Supervisor IV, at the H.H.Coffield Unit of the TDCJ and was acting under color of federal and state law. By statute he is responsible for the safety and well-being of prisoners under his supervision. Texas Government Code §§ 493.001 & 493.006(b). By policy he is required to ensure the TDCJ facilities are maintained in proper operating order and safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards: 4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his individual and official capacities.

Defendant Anthony W.Moore was at all times relevant to this action employed as Maintenance Supervisor IV, at the H.H.Coffield Unit  of the TDCJ and was acting under color of federal and state

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

law. By statute he is responsible for the safety and well-being
of prisoners under his supervision. Texas Government Code §§
493.001 & 493.006(b). By policy he is required to ensure the
TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218, and 4-4333. He is sued in his in-
dividual and official capacities.

Defendant Anthony K.Oden was at all times relevant to this
action employed as Maintenance Supervisor IV, at the H.H.Cof-
field Unit of the TDCJ and was acting under color of federal
and state law. By statute he is responsible for the safety and
well-being of prisoners under his supervision. Texas Government
Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indivi-
dual and official capacities.

Defendant Tommy E.Pharis was at all times relevant to this
action employed as Maintenance Supervisor IV, at the H.H.Cof-
field Unit of the TDCJ and was acting under color of federal
and state law. By statute he is responsible for the safety and
well-being of prisoners under his supervision. Texas Government
Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintained in proper operating order and

-26-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indivi-
dual and official capacities.

Defendant Kerry A.Rogers was at all times relevant to this
action employed as Maintenance Supervisor IV, at the H.H.Cof-
field Unit of the TDCJ and was acting under color of federal
and state law. By statute he is responsible for the safety and
well-being of prisoners under his supervision. Texas Government
Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintainedin proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indivi-
dual and official capacities.

Defendant Wayne J.Schenk was at all times relevant to this
action employed as Maintenance Supervisor IV, at the H.H.Cof-
field Unit of the TDCJ and was acting under color of federal
and state law. By statute he is responsible for the safety and
well-being of prisoners under his supervision. Texas government
Code §§ 493.001 & 493.006(b). By policy he is required to ensure
the TDCJ facilities are maintained in proper operating order and
safe repair. E.D.-10.61(rev7);A.D.-10.20(rev8);A.C.A. Standards:
4-4186,4-4211,4-4212,4-4218,and 4-4333. He is sued in his indivi-
dual and official capacities.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PARTIES CONTINUED)

-MEDICAL PERSONNEL-

Defendant Sarah Poindexter was at all times relevant to this action employed as a Health Services Investigator for the University of Texas Medical Branch, hereinafter UTMB and the TDCJ, and was acting under color of federal and state law. She acted as final investigator in a Step-2 grievance which challenged substandard medical care, which she neither denied, nor admitted. Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official capacities.

Defendant Marjorie Kovacevich was at all times relevant to this action employed as Health Services Director, UTMB-Galveston, for the TDCJ, and was acting under color of federal and state law. Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official capacities.

Defendant FNU* Coria was at all times relevant to this action employed as a Radiologist for UTMB and TDCJ, and was acting under the color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. He is sued in his individual and official capacities. (*First Name Unknown).

Defendant Jacinto Assava was at all times relevant to this action employed as a Nurse Provider/Practitioner for UTMB and the

-28-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

### (PARTIES CONTINUED)

TDCJ, and was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official capacities.

Defendant Thomas Maciel was at all times relevant to this action employed as a Registered Nurse for the UTMB and the TDCJ, and was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. He is sued in his individual and official capacities.

Defendant Mary Lane was at all times relevant to this action employed as a Registered Nurse for the UTMB and the TDCJ, and was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official  capacities.

Defendant Wanda Oliver was at all times relevant to this action employed as a CCA (Clinical Assistant [?]), for the UTMB and the TDCJ, and was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official capacities.

Defendant Paul Shrode was at all times relevant to this action employed as a Medical Doctor for the UTMB and the TDCJ, and

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

## (PARTIES CONTINUED)

was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. He is sued in his individual and official capacities.

Defendant Pam Pace was at all times relevant to this action employed as a Practice Manager for the UTMB and the TDCJ, and was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official capacities.

Defendant Deborah Kendall was at all times relevant to this action employed as a Medical Doctor for the UTMB and the TDCJ, and was acting under  color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. She is sued in her individual and official capacities.

Defendant(s) John or  Jane Doe(s) was at all times relevant to this action employed as a Physical Therapist for the UTMB and the TDCJ, and was acting under color of federal and state law. Prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. He/she is sued in his/her individual and official capacities.

*       *       *       *       *

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff exhausted his available administrative remedies by filing Step-1 and Step-2 grievances against TDCJ Building Defendants for the premises defect which resulted in his serious injury.

Plaintiff exhausted his available administrative remedies by filing Step-1 and Step-2 grievances against UTMB/TDCJ Defendants, for the substandard care and deliberate indifference to his serious medical needs.

Neither set of grievances adequately addressed Plaintiff's issues and are devoid of any satisfactory results.

— See attached grievances, Appendix A,B,C,& D .

## V. FACTUAL ALLEGATIONS

01. Plaintiff is a prisoner incarcerated at the H.H.Coffield Unit,TDCJ-CID,located at 2661 FM 2054,Tennessee Colony,Anderson County,Texas,75884.

02. On or about August 6,2015,Plaintiff was transferred via the "Medical Chain" to the Estelle Unit,TDCJ-CID,located in Huntsville,Texas,for an appointment with an Optometrist to be evaluated for new glasses.

03. On or about August 10,2015,Plaintiff returned to the H.H. Coffield Unit and was temporarily housed in what is referred to as Transient Custody Overflow",P-2 Building,G-Wing,2-Row,3-Cell.

-31-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

## (FACTUAL ALLEGATIONS CONTINUED)

04. On or about September 10,2015,Plaintiff was reassigned to General Population,Field Squad #16. New housing was in P-4 Building,V-Wing,3-Row,14-Cell,bottom bunk.

05. Plaintiff was fifty-eight (58) years old and required assistance to move his personal property, which consisted of several bags,a typewriter,a "Legal" box, and a mattress. A cart was used because of the great distance between P-2 Building and P-4 Building, which are virtually on opposite ends of the compound.

06. When Plaintiff arrived at V-Wing,3-Row,he was advised by Officer Amber R.Watson to place his property in the 3-Row washroom because the inmates in 14-Cell had yet to move out.

07. Plaintiff had already deposited his "Legal" box in front of 14-Cell and Officer A.R.Watson ordered him to move the box in with the rest of the property in the washroom.

08. The "Legal" box is made of 20-22 gauge sheet metal. It is twelve (12) inches high by twelve (12) inches deep by twenty-two (22) inches long. It is lidded with a stationary welded hasp on the front to accommodate a lock. It has no handles,nor wheels to facilitate moving it. This box was packed full with approximately six thousand (6,000) pages of "Legal" documents. Such a volume of paper is very heavy. Just think of picking up twelve (12) reams of paper, plus the weight of the metal box.

09. Plaintiff attempted to obey Officer A.R.Watson's order and began pushing/sliding the "Legal" box across the floor towards

-32-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

### (FACTUAL ALLEGATIONS CONTINUED)

the washroom fourteen cells away. Each cell is five feet wide,so
the distance was seventy (70) feet.

10. Plaintiff got as far as 7-Cell when the "Legal" box felt
like it slammed into a brick wall. Plaintiff's right shin crashed
into the top edge of the metal box and the forward momentum caused
Plaintiff to fall head over heels, over the box. Plaintiff attempt-
ed to break the fall with the heel of his right hand,and Plaintiff
suffered a horrible twist to the right ankle.

11. This fall was observed by witness inmate James A.Leach,
TDCJ #1893444, who was in 7-Cell. This fall was also caught on
tape or film by the security cameras on the Wing.

12. Upon personal inspection,Plaintiff discovered he ran into
a remnant of an anchor bolt which was protruding from the floor
approximately one quarter to three eighths (1/4-3/8) of an inch
above the surface of the floor. Plaintiff was unaware of this
bolt and was unable to see it plainly because of his cataracts.

13. Plaintiff notified Defendant G.McKnight that the film or
tape should be preserved as evidence.(See Appendix_E____).

14. Immediately following the fall, Plaintiff requested
medical attention and was permitted to limp his way to the H.H.
Coffield Infirmary.

15. Plaintiff's right hand was swollen and beginning to
bruise;the right shin was severely abraded and bleeding; and the
right ankle was swollen and beginning to bruise.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

16. Upon arrival at the Infirmary,Plaintiff was met by De-
fendants Wanda Oliver and Mary Lane. Plaintiff was required to
fill out a "walk-in sick call request",then Defendant W.Oliver
checked Plaintiff's vital signs while inquiring what occurred.

17. Plaintiff was then placed in an examining room by De-
fendant M.Lane and instructed to lay on the exam table. Plaintiff
was given an ice-pack for the ankle.

18. After a few minutes in the examination room,Plaintiff
heard Defendant W.Oliver talking either on a radio or telephone
to Defendant Gidgett A.McKnight, who is the H.H.Coffield Unit's
Safety Officer. The conversation revealed that Defendant G.Mc
Knight was not at the Unit, and Defendant W.Oliver told Defendant
G.McKnight that "there is no rush to return".

19. Plaintiff waited approximately one and a half to two
hours (1½-2) laying on the exam table with the ice-pack,and the
right shin still oozing blood. Defendant M.Lane stated she could
not treat (dress) my leg wound until after the Safety Officer
took pictures.

20. When Defendant G.McKnight finally arrived at the Infirmary,
she was accompanied by Defendant Joseph T.Embra as a witness. De-
fendant McKnight took photos of Plaintiff's right hand,right shin,
and right ankle,while Plaintiff was laying down. Plaintiff was
then asked to stand and additional photos were taken. Since Plain-
tiff was able to stand, Defendant J.Embra verbally observed,"Well,

-34-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

at least we know it ain't broke".

21. Defendant M.Lane cleaned Plaintiff's right shin wound and applied a bandaid. Plaintiff was then given a fresh ice-pack, non-aspirin prescribed for pain, and a 72-hour cell pass. No Ace Wrap was prescribed; No crutches were prescribed,on this date; No X-Rays were performed,on this date;No examination other than a "visual" was performed;Medical records on 9/10/2015,page 4 of 7, indicates Full Range of Motion of the upper and lower extremities and normal movement. This record is false because no testing was performed for range of motion.

22. Defendant M.Lane is a Registered Nurse and after the visual exam was completed, told Plaintiff "your ankle probably has soft tissue damage",and "you should be okay in a few days." The 72-hour cell pass would expire September 13,2015 and Defendant M.Lane knew that Plaintiff was assigned to the Field Force. The Correctional Managed Health Care Policy Manual, Number: E-41.2, Emergency Response During Hours of Operation, provides that "a head to toe evaluation" is required to detect injuries. This policy was not enforced or followed.

23. On or about September 14,2015,Plaintiff was reassigned to Field Force Hoe Squad #1. Plaintiff was in alot of pain because the non-aspirin was ineffective and the ankle was much worse.

24. On or about September 15,2015, Plaintiff was required to "turn-out" for work in the fields.Plaintiff complained to Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

Mark E.House that he was injured from a fall and showed Defendant
M.House his swollen ankle. Plaintiff was told "If you don't turn
out for work, you will get a case for refusing to work".Plaintiff
was keen on maintaining a clear disciplinary record because his
eligibility for parole was looming near. Plaintiff turned out for
work as ordered.

25. The Hoe Squad Plaintiff was assigned to were required to
wear knee-high,Black Rubber,Steel-toed boots. The boots did not
fit  and aggravated Plaintiff's ankle injury. The squad was taken
via farm trailers to the Unit Garden to pick squash. Tractors use
plows to create raised growth beds approximately three feet apart.
In between are lower furrows which are pockmarked and erratic from
human foot traffic and horse hooves. The terrain is very rough and
difficult to walk upon. A loaded crate of squash weighs between
50-75 pounds. Plaintiff was required to "keep up with the rest of
the squad" and painfully hobbled along with the extra burden of
carrying the crate of squash. This field excursion lasted about
three hours.

26. After taking a shower,Plaintiff requested to be escorted
to the infirmary and was denied. Plaintiff returned to his housing
area (V-Wing).

27. Attempts to return to the Infirmary were denied and
Plaintiff was told to submit a "sick call request".

28. On or about September 21,2015,Plaintiff was again required

-36-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

to turn out for work in the fields by Defendant M.House.Plaintiff told Defendant M.House that he was still injured and had been un- successful in returning to the Infirmary. Plaintiff was again threatened with a disciplinary write-up if he failed or refused to work.

29. Once again the Field Force returned to the Garden. A virtual repeat of September 15th except the vegetables being har- vested were cucumbers and eggplant. then there was about an hour of "Flat-Weeding" with hoes. Afterwards,the Field Force Squads were required to walk about a distance of one-eighth or more of a mile, to be loaded on the line trailers for the return ride to the building.

30. Another long walk from the backgate of the prison com- pound to the back entry of the building in proximity of the shower room. Plaintiff was required to "keep up with the rest of the squad".

31. After showering, Plaintiff spoke to Defendant Dennis E. Hunt, Sergeant of the Field Force and directed his attention to the obviously swollen ankle, which was also black & Blue.Plaintiff requested to be escorted to the Infirmary. Defendant D.Hunt re- plied,"If it didn't happen in the fields, it is none of my con- cern, and I cannot help you". Plaintiff painfully walked/limped to the inmate chow hall.

-37-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

32. Upon return to the P-4 Building,Plaintiff encountered Defendant Robert Scott, the Duty Sergeant, and requested a pass to the Infirmary. Defendant R.Scott is very gruff,uses coarse language, and quite simply told Plaintiff,"I don't give a F*** (expletive), take care of it on your own time!Get out of my face and go to your wing before I write your A**(expletive) up!" This occurred between 11:30 a.m.-Noon,on or about September 21,2015.

33. Around 5:10 p.m.,on or about September 21,2015, Plaintiff left his housing area to go to the supper meal. After eating, Plaintiff stood in the hallway and waited to speak to witness Rebecca E.Warren, Lieutenant of Correctional Officers. Plaintiff explained the accident and the efforts made to get other Staff to escort or grant a pass to the Infirmary. Witness R.Warren says, "Let me see your ankle", and then, "Let me see the other one", and then, "Oh S*** (expletive)"! Witness R.Warren then walked to a telephone in the hallway and called the Infirmary. Plaintiff was directed to go there immediately.

34. Upon arrival in the Infirmary,Plaintiff was received and attended by Defendant Thomas Maciel, a Registered Nurse for UTMB. After a smirking cursory visual exam,Plaintiff was given a crutch X 4 days, a cell pass X 4 days, acetaminephen X 3 days, and scheduled for X-Rays.

35. On or about September 23,2015, Plaintiff was finally seen by Defendant FNU Coria, Radiologist, who X-Rayed Plaintiff's

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

right ankle. After completing the procedure,Defendant Coria stated:
"You can send an I-60 or Sick Call Request to the Provider after
twenty-four (24) hours to obtain the results." The Radiology Report
shows that it was transcribed on 9/24/2015 and was electronically
signed on 10/06/2015 by Defendant Jacinta K.Assava. Defendant
Coria's name DOES NOT appear on the report.

36. On or about September 18,2015, Plaintiff spoke to witness
James Y.Brown, Sergeant of Correctional Officers, in an attempt
to gain an informal resolution prior to filing a grievance concern-
ing the safety hazard of the protruding anchor bolts on V-Wing.

37. Witness J.Brown's response was making an internal phone
call to Unit Maintaintenance to report the hazard verbally.

38. Grievance policy requires a grievance be filed within
fifteen (15) days of the alleged complaint. Plaintiff filed a
Step-1 Grievance complaining about the protruding anchor bolts
on or about September 24,2015.

39. On or about September 28,2015, a maintenance crew consis-
ting of one (unknown) Maintenance supervisor and several inmate
workers (names unknown), arrived on V-Wing,3-Row and grinded
three (3) anchor bolts protruding from the floor, including the
one in front of 7-Cell which caused Plaintiff's fall. This action
was personally witnessed by Plaintiff and there should be a copy
of the Work Order available.

-39-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

## (FACTUAL ALLEGATIONS CONTINUED)

40. On or about September 29,2015, <u>NINETEEN DAYS</u> after his fall, Plaintiff was admitted to the Coffield Unit Infirmary for an appointment with Defendant Jacinta K.Assava,FNP,(Nurse Provider or Nurse Practitioner).

41. Defendant J.Assava then informed Plaintiff his right ankle had a subacute fracture of the malleolus. Plaintiff was given a flimsy plastic brace called "SurroundGel" in lieu of a cast or more stable brace. The SurroundGel contains two removable gel-packs which are designed for freezing and creating a strap-on ice pack. This device is for ankle sprains, it is not designed as a splint or walking brace for treatment of a broken bone.

42. Plaintiff was also prescribed a crutch pass X 30 days, X-Ray in 30 days,Medically unassigned X 30 days, Shower shoe pass X 30 days, Bottom Row pass X 30 days, Ibuprofen X 30 days-coupled with warnings of fatal effects of this medication, and follow-up after 30 days.

43. Plaintiff was given no explanation as to why it took an additional six (6) days after the initial X-Rays before he was informed of his broken ankle. Such delay was with conscious disregard of Plaintiff's serious medical injury, and the Radiologist would have known about the fracture within minutes of taking the actual X-Rays.

44. On or about October 02,2015, Witness Georgia Robinette, Correctional Officer (retired), was assigned to work as security

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

P-3 Building, T-Wing. Plaintiff was housed in T-Wing,1-Row,19-Cell,Bottom bunk. Witness G.Robinette had been acquainted with Plaintiff for several years as a Correctional Officer. Seeing Plaintiff with crutches, she inquired what happenned. Plaintiff described his fall and Witness G.Robinette stated:"We have been trying to get that problem fixed for awhile", and then she asked: "Are you diabetic?" after seeing Plaintiff's open shin wound which was still oozing 22 days after the fall.

45. On several occasions, Plaintiff spoke to Witness Daniel E.Yllander, Correctional Officer V, who has been employed with the TDCJ for a number of years. Plaitiff complained of the pro-truding anchor bolts and Officer D.Yllander reported these safety hazards, as is his duty, on the daily A.D.-10.84 Maintenance Log.

46. On or about October 05,2015, Defendant Jeffery S.Richard-son signed off on Plaintiff's Step-1 grievance, which purportedly was "investigated" by Defendant D.White- stating that:"Maintenance Department Staff state that the bolts on V-Wing were ground down even with the concrete to correct the problem". This Step-1 grie-vance was returned to Plaintiff on or about October 06,2015. The response was tantamount to an admission of the existence of the serious safety hazard.

47. On or about October 11,2015, Plaintiff filed a Step-2 grievance, which is a final administrative appeal of his Step-1 grievance. Complaints and letters to TDCJ officials who are

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

employed as Director or above routinely ignore and refuse to ac-
cept such letters or complaints from inmates. This makes a mockery
of the grievance system within the TDCJ.

48. Plaintiff challenged the answer given by Defendants D.
White and J.Richardson in the Step-1 grievance because neither De-
fendant performed an actual "walk-through" inspection of V-Wing.
Had they performed a walk-through inspection as a primary basis
of their "investigation", it was easily discoverable that Mainte-
nance personnel provided "incomplete information", rendering the
information "unreliable" and,therefore, "false". As Plaintiff
emphasized in his Step-2 grievance, Maintenance Personnel failed
to grind down any bolts in 3-Row Dayroom,1-Row Run, or 1-Row Day-
room.

49. All Maintenance Supervisors, Defendants Jimmy Caddell,
Brent Capley,James Chatterly,David Givens,Terry Hargrave,Michael
Harris,Curtis Logan,James Marrinan,Bobby Mercer,Anthony Moore,
Anthony Oden,Tommy Pharis,Kerry Rogers, and Wayne Schenk, are
responsible to ensure that structural changes of the premises are
performed satisfactorily. When the Maintenance Department tore out
old internal security fences and re-arranged anchored metal bench-
es, a quality control check should have been performed to ascertain
that the task was performed properly. Leaving remnants of anchor
bolts protruding from the floor created a trip hazard to the un-
informed. This was/is a Maintenance created premises defect.

-42-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

50. On or about November 02,2015, Plaintiff had an appoint-
ment with Defendant J.Assava, who ordered the following treat-
ment:(1)Brace & Limb referral for right ankle brace at Beto Unit;
(2) right leg X-Ray and right ankle X-Ray to assess healing;(3)
renew IBU (Ibuprofen);(4) Discussed risks of NSAID therapy(De-
fendant J.Assava told Plaintiff:"This ibuprofen is going to kill
you", in direct contradiction of the American Medical Association's
Hippocratic Oath);(5) extend crutch pass,brace pass,medical show-
er,bottom row and medically unassigned X 30 days;(6)F/U 30 days,
(F/U = follow up).

51. On or about November 04,2015, Defendant FNU Coria,Radio-
logist, performed X-Rays as requested by Defendant J.Assava. The
Radiologist report indicates these X-Rays were performed on or
about November 05,2015, and that report was entered on the record
on or about November 06,2015. This report indicates the Typist's
Name, the referring physician, and the name of the M.D. who re-
viewed and analized the X-Rays; yet, the Radiologist Report fails
to identify the Radiologist.

52. On or about December 01,2015,Defendant J.Assava conduct-
ed a follow-up visit. At this time,Defendant J.Assava discovered
that the Brace & Limb referral she made on or about November 02,
2015, was "not entered in the computer" and lamely mumbled that
"some other Nurse didn't put it in".

-43-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

53. On or about December 01,2015, Defendant J.Assava ordered the following treatment: (1) D/C crutches [D/C=discontinue];(2) PT referral [PT=Physical Therapy];(3)Add to HSM 18 iii,#17 [HSM= Health Summary][#17- A restriction as to Work Assignment which bans walking on wet/uneven surfaces];(4)Extend ankle brace pass X 3 months;(5)RTC PRN [?].

54. Rather than "expedite" the referral for physical therapy, Defendant J.Assava requested "Routine" attention,which by defini-tion means within six (6) months.See Appendix_____F_____.

55. Plaintiff was also referred to Brace & Limbs for a pro-thesis after being informed by Defendant J.Assava,"You qualify for medical boots for the rest of your life".

56. Plaintiff's Brace & Limbs appointment at the Beto Unit was scheduled for "March-2016";rescheduled to:"April-2016";re-scheduled to"June-2016";rescheduled to:"July-2016". All the re-scheduling was complained of to the Medical Department of the H.H.Coffield Unit, whose response was uniformly that "Beto does their own scheduling for B & L". Physical therapy and proper ankle support was unnecessarily delayed without justifiable cause.

57. On or about January 7, 2016, Plaintiff submitted a Step-1 Grievance for substandard medical care, stated a cane was needed, and that the appointment with Brace & Limbs should be expedited. Defendant Pam Pace did not address the substandard care and blamed

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

B & L for scheduling. At this time,[Jan.7,2016],Plaintiff was un-
aware that Defendant J.Assava "could have" made the referral to
Brace & Limbs as "Expedite"-which is by definition:"within 30
days and cannot wait for routine evaluation"(Underline emphasis
original)See Appendix ____C____.See Step-1 Grievance #2016071726.
This grievance was not answered until on or about March 02,2016
after a Notice For Extension of Time was given.

58. On or about March 10,2016, Plaintiff filed a Step-2
Grievance concerning substandard medical care. Defendant Sarah
Poindexter of the TDCJ Health Services Division in Huntsville,
Texas, visited Plaintiff on or about April 07,2016 at the H.H.
Coffield Unit.

59. Defendant S.Poindexter verbally scoffed at reading the
reports of Defendants M.Lane and T.Maciel and the so-called
"Range of Motion" indicators. This scoffing occurred after Plain-
tiff described to Defendant S.Poindexter that "No physical exam of
any kind was performed. That no X-Ray was performed until THIRTEEN
DAYS after the fall, and NINETEEN DAYS elapsed before Plaintiff
was notified that he had a broken ankle. Inadequate pain medica-
tion was prescribed. Nursing Staff violated Correctional Managed
Health Care policy by failing to do a "Head to toe" exam as re-
quired. See Appendix____G____.

60. Defendant S.Poindexter acknowledges Plaintiff's complaint
of being denied appropriate treatment,but makes no admissions or

-45-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

denials. See Appendix____D____,Step-2 Grievance answered on or

about April 08,2016. This grievance indicates a "due date" of

4-24, yet is stamped at the top Apr.26,2016 when it was returned

to Plaintiff. No Investigator ID is indicated.There is no signa-

ture of the investigative authority. Defendant S.Poindexter is

the presumed author because it was she who scheduled and executed

an appointment with Plaintiff on or about April 07,2016.

   61. On or about February 01, 2016, Plaintiff submitted a

letter of inquiry and complaint to Defendant Marjorie Kovacevich.

This letter was stamped as recieved March 02,2016. Instead of ans-

wering, Defendant M.Kovacevich sent the letter back to the H.H.

Coffield Unit Medical Department and the response was given by

Defendant P.Pace, with no date indicated. Defendant M.Kovacevich

is the Director of Correctional Managed Health Care and she de-

ferred any action. Plaintiff's letter plainly states "I feel my

care has been substandard...", and the letter was sent right back

to the substandard caregivers for a reply. This is deliberate in-

difference to Plaintiff's serious medical needs. See Appendix

____H____.

   62. On or about April 06,2016, Plaintiff was scheduled for

a routine Annual Physical with Defendant Paul Shrode. Plaintiff

requested further evaluation of his medical care for his right

shin wound, ankle fracture, and questioned as to why he was re-

--46-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

scheduled for the Brace & Limbs referral. Defendant P.Shrode refused to discuss these issues stating "that isn't the purpose of this exam". Defendant P.Shrode then went through a cursory exam of Plaintiff's eyes, ears, and throat. Defendant P.Shrode observed that Plaintiff has cataracts, a fact that was already established in 2010. Defendant P.Shrode also refused to renew a prescription for Ranitidine which was due to expire within one week, and told Plaintiff "submit a sick-call request".

63. Complaints and requests are refused by any authority higher than the Regional Director's Office. Such complaints or requests are deferred to the TDCJ Omsbudsman Office, who then sends a notice explaining how complaints should be handled. See Appendix  I & J    .

64. On or about April 29,2016, Plaintiff submitted a letter to John M.Hermanson, U.S.Department of Labor, Occupational Safety and Health Administration Regional Director in Dallas, Texas. Plaintiff received a response from Jeff Lewis, Assistant Regional Administrator,Enforcement Programs, wherein Mr.Lewis states that "OSHA has no authority over the working or living conditions of individuals of a correctional facility operated by a State,County or City." See Appendices   N   &  O    .

65. On or about July 21, 2016, Plaintiff was finally sent to Brace & LImbs at the George Beto Unit. After a cursory exam

-47-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

by Defendant Deborah Kendall, Plaintiff was given three (3)
sheets of paper which show specific exercises to be performed to
strengthen the muscles surrounding the ankle injury. These three
pages represent the entire "Physical Therapy" for which Plaintiff
was referred on or about November 02,2015 and again on or about
December 01,2015. The very nature of these pages and described
exercises begs the question:"Why couldn't these pages have been
printed and given to Plaintiff by Defendant J.Assava, instead of
being referred to Brace & Limbs?" Furthermore,as soon as the Beto
Unit received notice of the referral, the Brace & Limbs department
could have mailed these three pages to Plaintiff instead of making
him wait eight (8) months. This indicates deliberate indifference
to the serious medical needs of Plaintiff, which were acknowledged
by giving Plaintiff the exercise regimen. Defendant D.Kendall also
issued Plaintiff high-top boots which give excellent ankle sup-
port. See Appendix ____K____.

    66. On or about August 15, 2016, Plaintiff was scheduled to
see Defendant P.Shrode for renewal of his cane pass. Amazingly,
Defendant P.Shrode asked,"what happenned to your ankle?"Plaintiff
was a bit flustered at this question because it established that
Defendant P.Shrode had not even made an effort to read the medical
files or reports. With zero investigation, how does one conduct
a meaningful evaluation? The cane pass was renewed for 30 days.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(FACTUAL ALLEGATIONS CONTINUED)

67. During this evaluation by Defendant P.Shrode, Plaintiff related to Defendant P.Shrode the warning given by Defendant J. Assava as to how the Ibuprofen was going to kill Plaintiff. Defendant P.Shrode smiled and scoffed at this warning and then, prescribed Ibuprofen for sixty (60) days. See Appendix ___L___.

68. Defendants J.Rupert,J.Catoe,B.Cooper,J.Richardson, G. McKnight,G.Delarosa,W.Wheat,John and Jane Doe(s)-Department Heads, S.Boyd,and all other John and Jane Doe(s)-H.H.Coffield Unit emplyees, have a ministerial duty to ensure the TDCJ facility is in compliance with all applicable safety rules and regulations. They have a further duty to make walk-through inspections to identify and report facility deficiencies.

69. A Warden or his designee shall conduct an unannounced inspection at least once a month.A.D.-10.20(rev8),I.B(1).

70. Department Heads (?) shall conduct a weekly inspection. A.D.-10.20(rev8),I.B(3).

71. The A.D.-10.20 Representative shall conduct one inspection each workday. A.D.-10.20(rev8),I.B(4).

72. Defendants J.Caddell,B.Capley,J.Chatterly,D.Givens,T. Hargrave,M.Harris,C.Logan,J.Marrinan,B.Mercer,A.Moore,A.Oden,T. Pharis,K.Rogers, and W.Schenk, H.H.Coffield Unit Maintenance Staff, have a ministerial duty to ensure the TDCJ facilities are maintained in proper operating order and safe repair. Deficiencies

-49-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

## (FACTUAL ALLEGATIONS CONTINUED)

identified by TDCJ employees,if identified,during inspection of
the facilities are to be repaired by Maintenance Staff. Such re-
pairs are to be accomplished according to a priority matrix.
A.D.-10.20(rev8),I.B.6-19. See Appendix  M_____.


## VI. CAUSES OF ACTION

### PLAINTIFF WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT
IN VIOLATION OF THE EIGHTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

73. Plaintiff incorporates paragraphs 1-72 as though they
were stated fully herein.

74.Defendants violated Plaintiff's Eighth Amendment right to
be free from cruel and unusual punishment.

75.Defendants created a safety hazard when they failed to
grind concrete anchor bolts below or flush with the surface of
the floor when performing structural renovations.

76.Defendants have a ministerial duty to protect Plaintiff
from unsafe conditions.

77.Defendants conscious disregard and deliberate indiffer-
ence to Plaintiff's safety resulted in physical injury,which in-
cluded cuts,bruises and a broken ankle. This caused Plaintiff
undue mental anguish, physical pain and suffering,and permanent
impairment.

78. Defendants knew of this safety hazard as early as October,
2013.(Gossett v.Wilson,et al;No.6:15-cv-726,Tyler,Texas).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(CAUSES OF ACTION CONTINUED)

79.Defendants (UTMB) provided substandard medical care and exhibited a conscious disregard and deliberate indifference to Plaintiff's serious medical needs.

80.Plaintiff suffered physical pain and mental anguish, and was forced to work in the fields,for nineteen days before being informed his ankle was broken.

PLAINTIFF WAS DENIED EQUAL PROTECTION
UNDER THE FOURTEENTH AMENDMENT OF
THE UNITED STATES CONSTITUTION

81.Plaintiff incorporates paragraphs 1-72 as though they were stated fully herein.

82.Defendants knew that Plaintiff faced a substantial risk of serious harm and ignored that risk by failing to take reasonable measures to abate it.

83. Offender John Gossett,TDCJ-CID NO.683579,suffered a fall due to these protruding anchor bolts,on the very same Cellblock where Plaintiff was injured. Offender Gossett shattered his elbow on or about October 4,2013, TWENTY-THREE MONTHS PRIOR to Plaintiff being seriously injured.(Gossett,supra).

84.Defendants made a cursory effort to eliminate SOME, but not all, of these safety hazards,AFTER Plaintiff was injured.

-51-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

### (CAUSES OF ACTION CONTINUED)

PLAINTIFF WAS SUBJECTED TO VIOLATIONS OF THE
AMERICAN WITH DISABILITIES ACT,
TITLE 42 USC § 12133

85.Plaintiff was diagnosed with cataracts by UTMB staff at the Goree Unit in Huntsville, Texas in late fall of 2009.

86.Plaintiff was awarded disability status by the Department of Aging and Rehabilitation Services(DARS), in March of 2012 after being further diagnosed for cataracts by an Optometrist of their (DARS) choosing.

87.Under the A.D.A.,Plaintiff's eyesight is considered a major life activity of an individual.

88.Plaintiff is unable to discern a slight,yet substantial protrusion of an object from the floor, which created a serious risk of serious harm and actual irreparable injury.

89. Collectively, Defendants acted wantonly,maliciously and willfully;with gross negligence and a conscious disregard, and deliberate indifference to Plaintiff's safety, and continue to do so.

### VII. PREVIOUS ACTIONS

ACTIONS RELATING TO IMPRISONMENT

July 02,2010
Plaintiff - Robert Harley McCray
Defendant - Nathanael Quarterman
Court:     -U.S.District Court/Southern District/Houston
           Division; H-10-cv-2807
Judge:    - Unknown

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PREVIOUS ACTIONS CONTINUED)

Disposition - Appeal dismissed on Plaintiff's own motion
Approximate date of disposition: Oct/Nov.2011.


January 26,2015
Plaintiff  - Robert Harley McCray
Defendants - Marla "Sissy" Williams,Glenda Holloman, James
             Booker, Terry McKinney, Richard Aiello, Troy
             Fox, Elvis Hightower, Charley Valdez, and
             F.Beitia.
Court:     - U.S.District Court/Western District/Austin
             Division.
Case No.   - A-15-CA-091-SS
Judge:     - The Honorable Sam Sparks
Disposition: Dismissed without prejudice with option to
             refile pending habeas relief.
Date:      - May 8,2015


VIII. PRAYER FOR RELIEF

WHEREFORE,premises considered, Plaintiff respectfully prays
that this Court:

   A.Declare that the acts and omissions described herein vio-
     lated Plaintiff's rights under the Constitution and laws
     of the United States;
   B. Order Defendants to pay nominal,compensatory,and punitive
     damages;
   C.Order Defendants to pay all and costs associated with
     this cause of action;
   D.Grant other just and equitable relief that this Honorable
     Court deems necessary and appropriate.

-53-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

## VIII. GENERAL BACKGROUND INFORMATION

A. The ONLY name Plaintiff has ever been known by is:

Robert Harley McCray.

B. Previous TDCJ Numbers include:243247,314824, & 422744.

## IX. SANCTIONS

A. Plaintiff has never been sanctioned by any court of the
State or of the United States.

Executed on September 8 ,2016.          Respectfully Submitted,

_Robert Harley McCray_

Robert Harley McCray
Plaintiff Pro Se
TDCJ-CID No: 422744
H.H.Coffield Unit
2661 FM 2054
Tennessee Colony,Texas 75884

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in
   this complaint and attachments thereto are true and correct.
2. I understand,if I am released or transferred,it is my re-
   sponsibility to keep the Court informed of my current
   mailing address and failure to do so may result in the
   dismissal of this lawsuit.
3. I understand I must exhaust all available administrative
   remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an in forma
   pauperis lawsuit if I have brought three or more civil
   actions or appeals (from a judgment in a civil action)
   in a court of the United States while incarcerated or
   detained in any facility,which lawsuits were dismissed

-54-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(PLAINTIFF'S DECLARATIONS CONTINUED)

on the ground they were frivilous,malicious,or failed
to state a claim upon which relief may be granted,unless
I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without pre-
payment of costs,I am responsible for the entire filing
fee and costs assessed by the court,which shall be deduct-
ed in accordance with the law from my inmate trust fund
account by my custodian until the filing fee is paid.

Signed this ___8th___ day of ___September___ ,2016.

_Robert Harley McCray_
Robert Harley McCray
Plaintiff Pro Se

-55-

U.S.District Court
Eastern District-Tyler Division
Attn: Clerk
211 W.Ferguson St.
Room 106
Tyler, Texas    75702                    September  8  ,2016

Re; 42 USC §§ 1983 &12133

Dear Clerk,

    Enclosed please find the original and one copy of my com-
plaint under 42 USC §§ 1983 & 12133. I was only able to provide
one copy of the Appendix. I hope it will suffice. Also included is
my application to proceed in forma pauperis and a Trust Fund Ac-
count statement for the past six months.

    I am further enclosing a Motion requesting a Preliminary
Injunction due to the existence of a continued Safety Hazard. I
am requesting an UNANNOUNCED inspection of the Coffield Unit to
prevent Defendants from obscuring or eliminating evidence. I have
not sent a Certified copy to opposing Counsel because I have no
idea who it is at this stage.

    Because of numerous named Defendants, I was unable to use
the § 1983 forms provided by the law library. I have strived to
include all relevant information required by the forms. My
complaint is lengthy because there are so many Defendants and I
had to briefly describe how each was involved or failed to act
through omissions.

    Please file-stamp the documents and file them with the
Court Judge or Magistrate. Please notify me of the Case Number.
Thanking you in advance.

                              Respectfully Submitted,

                              Robert Harley McCray #00422744
                              Plaintiff Pro Se
                              H.H.Coffield Unit
                              2661 FM 2054
                              Tennessee Colony, Texas
cc/file                                                75884

P.S. I am also enclosing six Exhibits with attached list.



PRIORITY MAIL

**PR**
★ **MAIL** ★

1006

75702

R2304P1189T8-05

SEP 09
2016
**AMOUNT**
**$0.00**

☐ DATE OF DELIVERY SPECIFIED*

📶 USPS TRACKING™ INCLUDED*

$ INSURANCE INCLUDED*

🚚 PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

P S 0 0 0 0 1 0 0 0 0 1 4

6X1.00   1X.47

EP14F July 2013
OD: 12.5 x 9.5

PRIVILEGED OFFENDER MAIL
NOT IN CONFLICT BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONS DIVISION

FROM: Robert H. McCray #1227HH
HH Coffield Unit
2661 FM 2054
Tennessee Colony, Texas
75884

TO:
U.S. District Court - Tyler Division
Attn: Clerk
211 W. Ferguson ST Rm 106
Tyler, Texas 75702

Expected Delivery Day: 09/12/2016

**USPS TRACKING NUMBER**

9505 5128 4671 6253 0089 64

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**UNITED STATES
POSTAL SERVICE**®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse... violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.