IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT HARLEY MCCRAY, #422744 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1157 |
| BRAD LIVINGSTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
REGARDING MOTION FOR PRELIMINARY INJUNCTION

  Plaintiff Robert Harley McCray, a prisoner confined at the CoffieldUnit, has filed a motion for preliminary injunction and/or inspection order (Dkt. #3). The motion is governed by Rule 65 of the Federal Rules of Civil Procedure. The Plaintiff's original complaint concerns an injury sustained by him and the medical care he received for his injury.

  A preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

  The prerequisites for a preliminary injunction are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the

movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.d 2d 728, 729 (5th Cir. 1984).  Since a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements.  *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).  Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration.  *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

With respect to the first prong, Plaintiff has not clearly shown that there is a substantial likelihood that he will prevail on the merits of his claims.  Secondly, Plaintiff has not clearly shown that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted.  Thirdly, he has not clearly shown that the threatened injury outweighs the harm of an injunction to the nonmovant.  Finally, he has not clearly shown that the preliminary injunction would not disserve the public interest.  Plaintiff has failed to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a preliminary injunction.  The motion should be denied.

Recommendation

It is accordingly recommended that Plaintiff's motion for a motion for preliminary injunction and/or inspection order (Dkt. #3) be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of January, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE